## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GOULD ELECTRONICS INC.,
an Arizona corporation,

        Plaintiff,

-vs-

LIVINGSTON COUNTY ROAD
COMMISSION, a Michigan road
commission,

        Defendant.

Case No.: 17-cv-11130

Hon. Mark A. Goldsmith
Magistrate Judge David R. Grand

---

CLARK HILL PLC
Stephen P. Ormond (P28324)
Matthew W. Schlegel (P36963)
Attorneys for Plaintiff
500 Woodward, Suite 3500
Detroit, Michigan  48226
(313) 965-8300
sormond@clarkhill.com
mschlegel@clarkhill.com

LUCAS LAW, PC
Frederick Lucas (P29074)
Attorney for Defendant
7577 US Highway 12 Ste A
Onsted, MI 49265
(517) 467-4000
lucas@lucaslawpc.com

LAW OFFICES OF PAUL E. BURNS
Paul E. Burns (P31596)
Bradford  L. Maynes (P68319)
Attorneys for Defendant
133 W. Grand River
Brighton, MI 48116
(810) 227-5000
peb-peblaw@comcast.net
blm-peblaw@comcast.net

LAW OFFICE OF
JEFFREY D. ALBER
Jeffrey D. Alber (P76530)
Attorney for Defendant
PO Box 1971
Ann Arbor, MI 48106
(734) 369-8870
jeff@jalberlaw.com

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S WAIVED JURY DEMAND AND NEW AFFIRMATIVE DEFENSES, INCLUDING BRIEF IN SUPPORT

## <u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S WAIVED JURY DEMAND AND NEW AFFIRMATIVE DEFENSES</u>

Plaintiff Gould Electronics, Inc. ("Plaintiff" or "Gould") hereby moves for the Court to strike Defendant Livingston County Road Commission's ("Defendant" or "LCRC") recent jury demand and newly asserted affirmative defenses in accordance with the terms of the parties' previous Tolling Agreement (Dkt. 22-3), Stipulated Order of Dismissal (Dkt. 22-2), and Joint Final Pretrial Order (Dkt. 27-4). The undersigned counsel certifies that counsel initially communicated with opposing counsel in writing on March 25, 2019, regarding Defendant's inappropriate affirmative defenses and verbally during the status conference with the Court on April 15, 2019, regarding Defendant's inappropriate jury demand. Counsel again communicated with opposing counsel on May 13, 2019, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief requested, which opposing counsel did not grant.

LOCAL RULE CERTIFICATION: I, Stephen Ormond, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller that 10-1/2 characters per inch (for non-proportional fonts) or 14 point

1

(for proportional fonts).  I also certify that it is the appropriate length.  Local Rule

7.1(d)(3).

## PLAINTIFF'S BRIEF IS SUPPORT OF MOTION TO STRIKE DEFENDANT'S WAIVED JURY DEMAND AND NEW AFFIRMATIVE DEFENSES

## INTRODUCTION

On the eve of the parties' previously scheduled trial in 2012, Defendant requested to delay the trial to permit it to pursue certain administrative relief from the Michigan Department of Environmental Quality ("MDEQ"). In order to assure that Defendant not gain any unfair advantage from its last minute request and that any delayed trial address the issues as outlined in the parties' detailed Joint Final Pretrial Order ("Pretrial Order"), Plaintiff agreed to Defendant's request upon the condition that both the parties' Tolling Agreement and the Court's stipulated Dismissal Order provide that the parties' legal positions and the Pretrial Order would be "preserved as applicable and binding" in this New Case. Nevertheless, contrary to the express terms of those binding agreements, Defendant has recently attempted to reshape and expand the trial in this matter by asserting a new jury demand and new affirmative defenses. Plaintiff now moves to strike Defendant's new jury demand and affirmative defenses in accordance with the parties' previous agreements and Pretrial Order.

## STATEMENT OF FACTS

Plaintiff originally sued Defendant in 2009 (the "Original Case") to recover its environmental response activity costs related to contamination emanating from Defendant's property. The parties conducted discovery, stipulated to a detailed Pretrial Order identifying all of the issues for trial, and otherwise prepared to commence trial scheduled for June 5, 2012.

In the Pretrial Order, Defendant waived its previous jury demand and expressly stipulated to try this case to the Court:

> **II. Trial:** The parties have agreed to try this case to the Court. The Court previously granted Defendant's unopposed motion to withdraw its previous jury demand. The parties currently estimate that they will require 10 full days of trial to present their case, equally divided between Plaintiff and Defendant.

(Pretrial Order, Ex. 1, p. 1).[1]

Defendant also delineated its sole defenses to Plaintiff's claims in the Pretrial Order:

### LCRC'S DEFENSES TO GOULD'S CERCLA COST RECOVERY CLAIM

1. **Gould's Claim for Cost Recovery under CERCLA is Barred by the Six-Year Statute of Limitations for Remedial Actions.**

---

[1] Due to the length of the Pretrial Order, Plaintiff only attaches its first portion addressing the parties' claims and defenses.

4

**2.** **Gould Cannot Establish a Prima Facie Case of Liability Against LCRC Because There Was No Release of a Hazardous Substance at the LCRC Facility Which has Caused Gould to Incur Response Costs.**

**3.** **Gould's Cost Recovery Claim Under CERCLA Must be Dismissed Because Gould Did Not Provide for Any Public Comment As Required by the National Contingency Plan.**

**4.** **LCRC is Not Liable to Gould for its CERCLA Cost Recovery Claim Because LCRC is the Owner of Contiguous Property that has been Contaminated by a Release of Hazardous Substances from Property Owned by Gould.**

**LCRC'S DEFENSES TO GOULD CONTRIBUTION CLAIM UNDER NREPA**

**1.** **Gould's Claim for Contribution under NREPA is Barred by the Six-Year Statute of Limitations for Remedial Actions.**

**2.** **Gould Cannot Establish a Prima Facie Contribution Claim Under NREPA Because There Was No Release or Threatened Release of a Hazardous Substance at the LCRC Facility Which Contributed to the TCE Plume Emanating from the Gould Facility.**

(*Id*., pp. 14-24) (omitting Defendant's recitation of defense elements, asserted supporting facts, and authorities).  The parties thus stipulated to a non-jury trial of the specific limited issues identified in the Pretrial Order.

During the Final Pretrial Conference on May 14, 2012, Defendant asked Plaintiff and the Court to delay the trial by dismissing the Original Case without

5

prejudice so that Defendant could pursue certain relief from the MDEQ.  (Ex. 2, p. 2).  In order to assure that Defendant not gain any unfair advantage, that Plaintiff not be unduly prejudiced by Defendant's last minute request, and that any delayed trial not be expanded to include issues beyond those identified in the Pretrial Order, Plaintiff obtained Defendant's agreement that the record, including the stipulated Pretrial Order and legal positions of the parties as they existed in the parties' "Original" Case, would be preserved as binding in this "New Case," and that "[t]he New Case shall proceed to trial on an expedited basis" following limited discovery.

> If a New Case is filed, the current record, pleadings, Joint Final Pretrial Order, discovery, expert reports, legal positions of the parties, etc. in this lawsuit shall be preserved as applicable and binding in the New Case as they currently are in this lawsuit. The New Case shall proceed to trial on an expedited basis, with any new discovery limited to data gathered regarding the soil and groundwater contamination at issue and related analyses conducted thereon after July 6, 2009.

(Tolling Agreement, Ex. 2, ¶5, p. 3; Dismissal Order, Ex. 3, ¶4, p. 2).

After Defendant failed to comply with the MDEQ's requests or properly pursue its desired administrative relief, Plaintiff refiled its case against Defendant on April 11, 2017 (the "New Case").  Despite having previously agreed that this New Case "shall proceed to trial on an expedited bases," (*supra*) Defendant occupied the parties' and Court's time over the next two years with successive

6

unwarranted motions to dismiss. Following the Court's denial of Defendant's most recent dismissal motion, Defendant finally responded to Plaintiff's New Case Complaint on March 14, 2019, with an Answer asserting a host of new affirmative defenses, 35 in total. (Dkt. 36). After receipt of Plaintiff's safe harbor letter objecting to Defendant's responsive pleading and requesting correction, Defendant filed an Amended Answer deleting only 2 of its asserted affirmative defenses. (Dkt. 39, Ex. 4). Moreover, contrary to its previous withdrawal of its jury demand and agreement to submit this matter to the Court for trial, Defendant filed a new jury demand. (Dkt. 38).

## **ARGUMENT**

Plaintiff brings this motion to enforce Defendant's agreements upon which Plaintiff relied in agreeing to Defendant's previous last minute request to delay trial. The parties' agreed that the limited issues summarized in the Pretrial Order would be submitted on an expedited basis to the Court at a non-jury trial. Contrary to its previous agreements, Defendant now seeks to significantly expand the issues for trial and submit them to a jury, thereby prejudicing Plaintiff by significantly expanding the issues and necessary time and expense for additional discovery, trial preparation, and trial time. Having obtained the benefits of the parties' agreements, Defendant must be held to the specific terms of those agreements.

7

Accordingly, the Court should strike Defendant's new jury demand and additional affirmative defenses beyond those specifically set forth in the Pretrial Order.

## 1.   The Court Should Strike Defendant's New Jury Demand.

The Court should strike Defendant's new jury demand both because: 1) Defendant previously waived its jury rights and stipulated to submit this matter to the Court for trial, and 2) Defendant has no right to a jury trial on the equitable and injunctive claims at issue.

## A. Defendant Previously Waived its Jury Demand Rights.

The Supreme Court has long recognized that a private litigant may waive the right to a jury trial in a civil case.  *Commodity Futures Trade Comm'n v. Schor,* 478 U.S. 833, 848–849, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986).  A party who has demanded a jury trial waives its right to a jury trial when it either stipulates to a nonjury trial or so stipulates on the record.  Fed. R. Civ. P. 39(a)(1).  Defendant previously waived its right to a jury trial in this case when it voluntarily filed a motion to withdraw its jury demand in 2012, which the Court granted, and Defendant then stipulated in the Pretrial Order to try this case to the Court.  (Ex. 1, p. 1).

The court in *Fields Eng'g & Equip., Inc. v. Cargill, Inc*., 651 F.2d 589, 592 (8th Cir. 1981), specifically found that a reference to a jury waiver in a pretrial

order was a sufficient entry in the record to satisfy the jury waiver requirements of Fed. R. Civ. P. 39(a). The court in that case held that a party had waived its right to a jury trial when its counsel orally agreed to trial before the court during a pretrial conference, and the court then entered a pretrial order reciting the jury waiver. The Sixth Circuit later cited *Fields Eng'g & Equip., Inc.* favorably in *Sewell v. Jefferson Cty. Fiscal Court*, 863 F.2d 461, 464–66 (6th Cir. 1988), wherein the Sixth Circuit upheld the trial court's finding of jury waiver where the plaintiff's counsel made an oral motion for a continuance of the trial date during the final pretrial conference, and the court granted the motion orally and then entered a written order stating that the case was continued until a later date "for a trial before the court."

The Sixth Circuit also stated in *Sewell* that "the fact that the plaintiff in the case at bar made no objection to the language of the … order for nearly four months provided additional support for the district court's conclusion that there had been a waiver of the jury trial." *Id.* at 465 (noting that "inadvertence or mistaken impression is not sufficient to relieve the party from the effects of an otherwise valid waiver of a jury trial."). In this case, Defendant has not only never objected to the Court's Pretrial Order referencing the parties' agreement to submit this case to the Court; Defendant voluntarily withdrew its jury demand and stipulated to the

terms of the Pretrial Order.  It then waited six years before asserting a new jury demand.

The Sixth Circuit further noted in *Sewell* that, once a party waives its jury rights, it is not entitled to change its mind later and demand a jury trial.

> "Ordinarily, once a party withdraws his demand for a jury trial, with the requisite consent of the other parties, he may not change his mind." *Hanlon v. Providence College,* 615 F.2d 535, 538-39 (1st Cir.1980); *see also West v. Devitt,* 311 F.2d 787, 788 (8th Cir.1963) ("The mere fact that petitioner had changed his mind would not of itself require the court to set aside the procedural order made."); *Fletcher,* 435 F.2d at 864 (renewed demand for jury trial made five days after pretrial order expressing waiver of same did not preserve right); Annot., *Withdrawal or Disregard of Jury Trial in Civil Action,* 64 A.L.R.2d 506, 517-19 (1959) ("The rule recognized in a number of cases is that once a waiver of jury trial has matured, the waiver may not be withdrawn at the insistence of one party."); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 104 & n. 64 (1971); *accord Bellmore,* 783 F.2d at 307 ("[S]omething beyond the mere inadvertence of counsel is required to relieve a party from its waiver.") (applying Fed.R.Civ.P. 39(b)) (quoting *Alvarado v. Santana-Lopez,* 101 F.R.D. 367, 368 (S.D.N.Y.1984)).

*Sewell*, 863 F.2d at 465–66.

Having expressly withdrawn its jury demand and stipulated in the Pretrial Order to submit this matter to the Court for trial, Defendant previously waived its jury rights in this case years ago.  Defendant is not entitled to change its mind now.

## B. <u>Defendant Has No Right to A Jury on the Claims at Issue</u>.

Even if Defendant had not previously waived its jury rights, the Court should strike Defendant's new jury demand because Defendant has no right to a jury on the equitable and injunctive claims at issue. This case involves Plaintiff's claims to recover Defendant's appropriate share of Plaintiff's environmental response costs under CERCLA and its state counterpart, NREPA, and for access to Defendant's property to perform its response activities. Defendant is not entitled to a trial by jury on any of those claims.

A claim to recover environmental response costs is an equitable claim for which there is no right to a jury.

> Defendant Meyer filed a jury demand along with its answer to plaintiff's complaint. **Plaintiff's action for recovery under CERCLA is an equitable action,** seeking "restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances." *United States v. Northeastern Pharmaceutical & Chemical Co.,* 810 F.2d 726, 749 (8th Cir.1986) (hereinafter "*NEPACCO*"), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); *Maryland Casualty Co. v. Armco, Inc.,* 822 F.2d 1348 (4th Cir.1987), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 703, 98 L.Ed.2d 654 (1988). **Defendant does not have a right to a jury trial of plaintiff's claim for equitable relief**. *NEPACCO, supra; see also Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987) (discussing absence of right to jury trial in equitable actions). Therefore, plaintiff's motion to strike jury demand, to which defendant Meyer has never responded, is granted.

*United States v. Northernaire Plating Co.,* 685 F. Supp. 1410, 1413 (W.D. Mich.

1988) (emphasis added), *aff'd sub nom. United States v. R.W. Meyer, Inc.,* 889 F.2d

1497 (6th Cir. 1989).  See also *Saline River Properties, LLC v. Johnson Controls,*

*Inc.,* No. 10-10507, 2010 WL 2605972, at *7 (E.D. Mich. June 25, 2010) (citing

collected cases uniformly holding that there is no right to a jury trial on CERCLA

and RCRA claims for injunctive relief).  *Cf. Saline River Properties, LLC v.*

*Johnson Controls, Inc.,* 823 F. Supp. 2d 670, 687 (E.D. Mich. 2011) (NREPA is

CERCLA's counterpart and is to be construed in accordance with the federal

statute); *Dep't of Envtl. Quality v. Morley*, 314 Mich. App. 306, 309, 885 N.W.2d

892, 896 (2015) (there is no right to a jury on an environmental equitable claim

seeking an injunction).

## 2. <u>The Court Should Strike Defendant's New Affirmative Defenses</u>.

Plaintiff agreed to Defendant's last minute request to delay the previously

scheduled trial in reliance upon Defendant's agreement "to maintain and preserve

the status quo of the Parties' respective current legal positions."  (Ex. 2, ¶6, p. 3).

To ensure that Defendant not gain an unfair advantage and unduly prejudice

Plaintiff by expanding any delayed trial to include issues beyond those identified in

the Pretrial Order, Plaintiff obtained Defendant's stipulation and the Court's ruling

that the Pretrial Order would be "applicable and binding" in this New Case.

12

(Tolling Agreement, Ex. 2, ¶5, p. 3; Dismissal Order, Ex. 3, ¶4, p. 2).  Plaintiff was thus assured that any new trial would be limited to the six defenses Defendant identified for trial in the Pretrial Order.  (Ex. 1, pp. 14-24).  Because Defendant's recent attempt to expand the issues and reshape the trial by asserting a host of new affirmative defenses violates both Defendant's previous agreements and the Court's Pretrial Order, the Court should strike those new defenses.

In preparation for the original trial scheduled for June 5, 2012, the parties spent an inordinate amount of time detailing all of the issues for trial in the Pretrial Order.  In particular, Defendant limited itself in the Pretrial Order to four defenses to Plaintiff's  CERCLA claim:  1) statute of limitations; 2)  failure to establish release of a hazardous substance on the LCRC property; 3) failure to establish public comment; and 4) a contiguous property defense. (Ex. 1, pp. 14-24). Defendant also asserted two of those defenses to Plaintiff's NREPA claim. (*Id.*) Ignoring its previous agreements and the terms of the stipulated Pretrial Order, Defendant has chosen to treat the extensive previous record as a nullity by asserting a host of new affirmative defenses in its Amended Answer.

Despite having been requested previously to review and withdraw its inappropriately asserted affirmative defenses, Defendant asserts 33 affirmative defenses, including lack of subject matter jurisdiction, failure to state a claim,

estoppel, laches, good faith, reasonable actions, failure to mitigate, failure to join necessary and/or indispensable parties, and mutual mistake.  (Ex. 4).[2]  Many of those asserted defenses are simply unsupportable.  Defendant's failure to state a claim defense fails because the Court already has found that Plaintiff has satisfied the prime facia elements of both its CERCLA and NREPA claims in denying Defendant's Motion for Summary Judgment.  (Dkt. 22-4, pp. 16-17).  The Court also previously rejected Defendant's estoppel, laches and mutual mistake arguments in denying Defendant's Motion to Dismiss. (Dkt. 19).

In any event, the Court should enforce the terms of the parties' previous agreements and Pretrial Order and strike Defendant's additional asserted defenses beyond those specifically detailed in the Pretrial Order.  Defendant may not be allowed to ignore the terms of its previous agreements and use its delay of the previous trial date to unfairly prejudice Plaintiff by expanding the issues and corresponding necessary time and expense for additional discovery, trial preparation, and trial time.

---

[2] Defendant initially asserted 35 affirmative defenses but dropped two in its Amended Answer after receipt of Plaintiff's safe harbor letter objecting to the lack of merit of Defendant's defenses.  Defendant now seeks to, among other things, revise its affirmative defenses further by way of its Motion For Leave to Amend Answer and to File Counter-Complaint (Dkt. 44), to which motion Plaintiff will respond separately.

14

## **CONCLUSION**

For the reasons stated above, Plaintiff requests that the Court strike Defendant's new jury demand and all of its asserted affirmative defenses except for those identified above as specifically detailed in the Pretrial Order.


                              Respectfully submitted,

                              CLARK HILL PLC

                              */s/ Stephen P. Ormond*
                              STEPHEN P. ORMOND (P28324)
                              MATTHEW W. SCHLEGEL (P36963)
                              Attorneys for Plaintiff
                              500 Woodward Ave., Suite 3500
                              Detroit, Michigan 48226
                              (313) 965-8300
                              sormond@clarkhill.com
                              mschlegel@clarkhill.com
Date: May 14, 2019

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2019, I caused to be electronically filed the

foregoing paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all of the parties of record.

Respectfully submitted,

CLARK HILL PLC

*/s/ Stephen P. Ormond*
STEPHEN P. ORMOND (P28324)
MATTHEW W. SCHLEGEL (P36963)
Attorneys for Plaintiff
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226
(313) 965-8300
sormond@clarkhill.com
mschlegel@clarkhill.com

221571848.1 39928/154656