UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOULD ELECTRONICS, INC.,

       Plaintiff,

vs.

LIVINGSTON CTY. ROAD COMM'N,

       Defendant.
_____/

Case No. 17-cv-11130
HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
AMEND ANSWER AND TO FILE COUNTER-COMPLAINT (Dkt. 44) AND
GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND
AND NEW AFFIRMATIVE DEFENSES (Dkt. 45)**

This matter is currently before the Court on competing motions from the parties regarding the scope of the claims in this case. Defendant Livingston County Road Commission ("LCRC") has filed a motion for leave to amend its answer and to file a counter-complaint (Dkt. 44), and Plaintiff Gould Electronics, Inc. ("Gould") seeks to strike LCRC's jury demand and many of LCRC's affirmative defenses (Dkt. 45). The motions have been fully briefed, and a hearing was held on June 20, 2019. For the reasons that follow, the Court (1) grants in part and denies in part LCRC's motion, and (2) grants Gould's motion. The pleadings in this case shall be limited to those claims and defenses raised in the prior action, as explained further below.

### I. BACKGROUND

Gould initiated a lawsuit against LCRC, Gould Electronics, Inc. v. Livingston Cty. Rd. Cmm'n, No. 4:09-cv-12633 (E.D. Mich.), on July 6, 2009 (the "Prior Action"). In short, the dispute in the Prior Action concerned the "determination of responsibility for costs associated with the cleanup and remediation of trichloroethylene (TCE) contamination on two adjacent parcels of

real property and the surrounding area," located in Howell, Michigan. Gould Electronics, Inc. v. Livingston Cty. Rd. Cmm'n, No. 09-12633, 2012 WL 5817937, at *1 (E.D. Mich. May 25, 2012). One parcel is owned by LCRC (the "LCRC Property"); the other is owned by a third party, but Gould is indisputably responsible for liabilities arising from the property (the "Gould Property"). Id. Gould alleges that LCRC shares responsibility for the contamination; LCRC contends that Gould is fully responsible. Id.

On May 29, 2012, the parties stipulated to an order of dismissal without prejudice, in accordance with a tolling agreement entered into by the parties on May 21, 2012 (the "Tolling Agreement"). See Stip. Order of Dismissal, Ex. A to Am. Compl. (Dkt. 22-2). The order of dismissal contained the following provisions relevant to the instant dispute:

> 2. Either party may revive pursuit of the surviving claims existing in this lawsuit immediately prior to the entry of this dismissal order in a new case in accordance with the terms of the Tolling Agreement by filing a complaint for a new case (the "New Case") in the United States District Court for the Eastern District of Michigan . . . .
>
> 4. If a New Case is filed, the current record, pleadings, Joint Final Pretrial Order, discovery, expert reports, legal positions of the parties, etc. in this lawsuit shall be preserved as applicable and binding in the New Case as they currently are in this lawsuit. The New Case shall proceed to trial on an expedited basis, with any new discovery limited to new data gathered regarding the soil and groundwater contamination at issue and related analyses conducted thereon after July 6, 2009.

Id. at PageID.274-275.

Gould initiated the instant case, a New Case within the meaning of the order, on April 11, 2017. LCRC sought to dismiss the action, arguing that it was time-barred; the Court denied LCRC's motion. Gould Electronics, Inc. v. Livingston Cty. Road Comm'n, No. 17-11130, 2018 WL 1035714 (E.D. Mich. Feb. 23, 2018). Gould then filed an amended complaint on March 9, 2018, where it alleges violations of the Comprehensive Environmental Response, Compensation

2

and Liability Act, 42 U.S.C. § 9607(a) ("CERCLA"); Michigan's Natural Resources and Environmental Protection Act, Mich. Comp. Laws §§ 324.20126 and 324.20126a ("NREPA"); and claims that it should be granted access to LCRC's property to conduct reasonable response activities. See generally Am. Compl. (Dkt. 22). LCRC subsequently filed another motion to dismiss, which the Court also denied. Gould Electronics, Inc. v. Livingston Cty. Road Comm'n, No. 17-11130, 2019 WL 1002442 (E.D. Mich. Mar. 1, 2019).

LCRC filed its answer on March 14, 2019 (Dkt. 36), and an amended answer on April 4, 2019 (Dkt. 39). On May 7, 2019, LCRC filed a motion to amend/correct its answer (Dkt. 44). LCRC seeks to "streamline" its defenses, Def. Br. at 5, as well as to file a counter-complaint asserting claims under CERCLA and NREPA. Gould then filed its own motion (Dkt. 45), seeking to strike LCRC's jury demand (Dkt. 38) and any affirmative defenses raised in LCRC's answer that were not raised in the Prior Action.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

## III.  ANALYSIS

The parties' disagreement essentially centers around the impact of the Tolling Agreement and the JFPO on the current proceeding. As Gould points out, the parties agreed that the JFPO and legal positions of the parties "shall be preserved as applicable and binding" in this litigation.

Order of Dismissal at PageID.275; see also Tolling Agreement, Ex. B to Am. Compl., ¶ 5 (Dkt. 22-3).

LCRC claims that Gould has expanded the instant case beyond the scope of the Prior Action, and LCRC needs to effectively defend itself against new claims. LCRC argues that allowing it to file a counter-complaint, seeking relief from Gould under CERCLA and NREPA, will ensure that all of the claims between LCRC and Gould will be adjudicated in one case, rather than requiring LCRC to file a separate lawsuit at the conclusion of the instant case. Def. Br. at 6. It further argues that Gould will not be prejudiced by these counterclaims, as they involve the same facts and witnesses as in Gould's case-in-chief. Id.

Gould argues that LCRC's request comes too late. Its position is that the Joint Final Pretrial Order ("JFPO") filed in the Prior Action is binding – as agreed by the parties in the Tolling Agreement and ordered by the Court – and LCRC cannot now raise defenses or claims that were not in the JFPO. See Pl. Mot. at 7-8. Gould also points out that LCRC asked to file its counter-complaint more than two years after this case was initiated. Gould further argues that, if the Court permits LCRC to file counterclaims, LCRC should be limited to the counterclaims previously identified in the JFPO. Pl. Resp. at 16-17 (Dkt. 46).

The language in the Tolling Agreement and order of dismissal is clear. The "record, pleadings, Joint Final Pretrial Order, discovery, expert reports, legal positions of the parties, etc. in the [Prior Action] shall be preserved as applicable and binding" in the instant case. Tolling Agreement, ¶ 5; Order of Dismissal at PageID.275 (emphasis added in both). Despite this language, both parties now seek to expand the scope of the current proceedings beyond what was agreed upon in the Prior Action.

Gould brought a NREPA contribution claim in the Prior Action. 2d Am. Compl., Gould Elec. v. Livingston Cty. Rd. Cmm'n, No. 09-12633, at 8 (E.D. Mich.) (Dkt. 40) ("Contribution claim against LCRC and Livingston County pursuant to M.C.L. 324.20129"). However, the designation of a "contribution claim" is omitted from the operative complaint in this action, and Gould stated in its response to LCRC's motion to dismiss that it was pursuing a claim for cost recovery pursuant to Mich. Comp. Laws § 324.20126a, not a contribution claim. See Pl. Resp. to Mot. to Dismiss at 20 (Dkt. 29). Gould's amended complaint in this action goes beyond the pleadings in the Prior Action by referencing salt contamination, in addition to TCE contamination, which had been the sole identified contamination referenced in Gould's complaint in the Prior Action.[1]

---

[1] Gould argues that claims regarding salt contamination were part of the Prior Action. The Court disagrees. Gould, in both its brief and at the hearing, pointed to a portion of the JFPO where LCRC stated:

> The MDEQ's identification of the LCRC property as a "facility" was based on two separate contaminant plumes of salt and volatile organic compounds (VOCs). LCRC has recently met with MDEQ officials to acknowledge responsibility for the salt plume and provide data which establishes that all of the VOC contamination on the LCRC property migrated from the Gould property. Accordingly, LCRC is in the process of submitting to MDEQ a request for no further action (NFA) report with respect to the VOC contamination on its property. If the NFA report is approved, LCRC will not be obligated to take any further action with respect to the VOC contamination. LCRC is also in the process of submitting to MDEQ a corrective action plan with respect to the salt contamination along with an affidavit to support unremediated releases pursuant to R 299.5534 of the Part 201 Administrative Rules which provides the reasons LCRC has no liability for the VOC contamination.

JFPO, Gould Elec. v. Livingston Cty. Rd. Cmm'n, No. 09-12633 (E.D. Mich.), at 4 (Dkt. 147). LCRC was simply responding to Gould's allegation that LCRC's property had been designated as a "facility." Gould points to nothing in the JFPO or in its second amended complaint in the Prior Action suggesting that it was seeking any relief based on salt contamination. Indeed, the portion of the JFPO devoted to Gould's CERCLA and NREPA claims is devoid of any mention of salt.

5

LCRC also seeks to expand its claims in this action, adding a CERCLA contribution counter-claim even though the JFPO reflects that LCRC only had asserted claims for CERLA cost recovery, NREPA contribution, and NREPA cost recovery. JFPO, Gould Elec. v. Livingston Cty. Rd. Cmm'n, No. 09-12633, at i (Dkt. 147). LCRC also set forth six defenses in the JFPO – four defenses to Gould's CERCLA claim and two defenses to Gould's NREPA claim – but it seeks to assert <u>eighteen</u> in its proposed second amended answer. See Proposed 2d Am. Answer, Ex. B to Def. Mot., at 8-10 (Dkt. 44-2). LCRC also now requests a jury trial, despite having agreed to a bench trial in the Prior Action.

The parties agreed to be bound by the legal positions that they had asserted in the Prior Action and the record that had been established in that case. This action was never conceived as an entirely new opportunity to litigate, as if the Prior Action had never been filed. The Prior Action had absorbed the energies of the parties and the Court, culminating in a 26-page summary judgment opinion and a 137-page JFPO. With trial less than three weeks away, the parties decided to terminate that action without prejudice, in an effort to resolve this sprawling dispute without the need for further litigation. As the language of the dismissal order confirms, the parties were to pick up where they left off should the settlement effort fail. The Court will enforce that agreement.

LCRC's motion to amend its answer and file a counter-complaint is granted insofar as LCRC seeks to file an answer and counter-complaint asserting only the defenses and counter-claims, respectively, that are set forth in the JFPO. The Court grants Gould's motion to strike LCRC's newly-added affirmative defenses and jury demand, finding that LCRC waived its jury demand in the Prior Action and agreed to be bound by that decision.[2] Any allegation in the

---

[2] Counsel for LCRC also represented at the hearing that it would withdraw the jury demand if the Court limited the scope of Gould's claims in the instant action in accordance with the JFPO. The Court has done so.

Amended Complaint that is inconsistent with the JFPO or goes beyond the relief previously sought – such as Gould's current effort to seek relief regarding salt contamination – is deemed inoperative.

## IV. CONCLUSION

For the reasons provided, LCRC's motion to amend its answer and to file a counter-complaint (Dkt. 44) is granted in part and denied in part. Gould's motion to strike LCRC's jury demand and new affirmative defenses (Dkt. 45) is granted. Gould must file a second amended complaint in conformity with this Opinion and Order on or before July 8, 2019. LCRC must file an amended answer and counter-complaint in conformity with this Opinion seven days after service of the amended complaint. No other changes will be made to the scheduling order (Dkt. 40) at this time. Any party wishing to amend the schedule must file a motion setting forth good cause, such as circumstances arising that could not have been reasonably anticipated prior to setting the current schedule.

SO ORDERED.

Dated: June 27, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge