UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOULD ELECTRONICS, INC.,

   Plaintiff,           Case No. 17-cv-11130
vs.                    HON. MARK A. GOLDSMITH

LIVINGSTON CTY. ROAD COMM'N,

   Defendant.
_____/

**<u>OPINION & ORDER
(1) GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH PREVIOUS COURT ORDER (Dkt. 60); (2) GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH PREVIOUS COURT ORDER (Dkt. 62); AND (3) DENYING DEFENDANT'S MOTION TO COMPEL ANSWERS TO DISCOVERY (Dkt. 67)</u>**

   For a second time, this matter is before the Court on competing motions from the parties regarding the scope of the claims in this case. Plaintiff Gould Electronics, Inc. ("Gould") seeks to compel Defendant Livingston County Road Commission's ("LCRC") compliance with the Court's previous order limiting the permissible scope of LCRC's answer to Gould's amended complaint (Dkt. 60). LCRC, in turn, seeks to compel Gould's compliance with the Court's previous order limiting the permissible scope of Gould's amended complaint (Dkt. 62). Finally, LCRC seeks to compel Gould's answers to discovery requests (Dkt. 67). Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. <u>See</u> E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants both parties' motions to compel compliance and denies LCRC's motion to compel answers to discovery.

## I. BACKGROUND

The factual background has been set forth in the Court's previous opinions and need not be repeated here. In brief summary, Gould initiated a lawsuit against LCRC on July 6, 2009 (the "Prior Action"), Gould Elec., Inc. v. Livingston Cty. Rd. Cmm'n, No. 09-12633 (E.D. Mich. 2009), and, on May 29, 2012, the parties stipulated to dismiss the action without prejudice in accordance with a tolling agreement (the "Tolling Agreement"), see Stip. Order of Dismissal, Ex. A to Am. Compl. (Dkt. 22-2). As permitted under the Tolling Agreement, Gould initiated a new case on April 11, 2017, alleging violations of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607(a) ("CERCLA"); and Michigan's Natural Resources and Environmental Protection Act, Mich. Comp. Laws §§ 324.20126, 324.20126a ("NREPA"); and claims that it should be granted access to LCRC's property to conduct reasonable response activities. See generally Am. Compl. (Dkt. 22).

In an opinion and order entered on June 27, 2019 (the "June 27 Opinion"), this Court confronted the parties' disputes regarding the scope of the current proceedings as set forth in the pleadings. See 6/27/19 Op. at 4 (Dkt. 56). Given the parties' stipulation in the Tolling Agreement to be bound by the record of the Prior Action, the Court held that their respective pleadings impermissibly expanded the current proceedings beyond the scope of the Prior Action. Id. at 4. Accordingly, the Court ordered the parties to file amended pleadings consistent with its opinion. Id. at 7. Gould filed its second amended complaint on July 8, 2019 (Dkt. 57), and LCRC filed its amended answer and counter-complaint on July 15, 2019 (Dkt. 58). In the present set of motions, the parties again raise the same objections regarding the scope of the proceedings, arguing that their respective opponent's amended pleadings fail to conform to the rulings set forth in the June 27 Opinion.

## II. ANALYSIS

### A. Motions to Compel Compliance

Gould argues that LCRC's amended answer asserting nineteen affirmative defenses runs afoul of the June 27 Opinion, which limited LCRC to the six defenses raised in the joint final pretrial order ("JFPO") in the Prior Action. Pl. Mot. to Compel Compliance at 2 (Dkt. 60). Gould is correct. In its June 27 Opinion, the Court denied LCRC's motion to amend its answer to assert eighteen affirmative defenses when it had asserted only six defenses in the JFPO. 6/27/19 Op. at 6. The Court ordered LCRC to file an amended answer and counter-complaint "asserting only the defenses and counter-claims, respectively, that are set forth in the JFPO." Id. However, LCRC's amended answer, filed on July 15, 2019, raises nineteen affirmative defenses, including the same eighteen defenses previously limited by the June 27 Opinion and the additional defense that Gould's second amended complaint violates the June 27 Opinion. Compare Answer to 2d Am. Compl. (Dkt. 58) with Proposed 2d Am. Answer, Ex. B to Def. Mot. to Amend (Dkt. 44-2). LCRC's amended answer, therefore, fails to comply with the Court's June 27 Opinion.

LCRC, in turn, contends that Gould's second amended complaint exceeds the scope of the Prior Action. Def. Mot. to Compel Compliance at 4 (Dkt. 62). The Court agrees. In the June 27 Opinion, the Court rejected Gould's attempt to expand the pleadings by referencing salt contamination when trichloroethylene ("TCE") contamination was "the sole identified contamination referenced in Gould's complaint in the Prior Action." 6/27/19 Op. at 5. The Court ordered Gould to file a second amended complaint, with the caution that "[a]ny allegation in the Amended Complaint that is inconsistent with the JFPO or goes beyond the relief previously sought – such as Gould's current effort to seek relief regarding salt contamination – is deemed inoperative." Id. at 6-7. However, the general factual allegations set forth in the second amended

complaint, filed on July 8, 2019, define "LCRC Contamination" as LCRC's release of "hazardous substances and other contaminants, <u>including but not limited to TCE</u>." 2d Am. Compl. ¶ 12 (Dkt. 57) (emphasis added). Although Gould contends that its complaint in the Prior Action similarly alleged that "LCRC released hazardous substances, <u>including TCE</u>," Compl. at ¶ 24, Ex. E to Pl. Resp. (Dkt. 65-6) (emphasis added), TCE is the only contaminant identified in the JFPO – a document memorializing the parties' agreement as to the issues to be presented at trial in the Prior Action, <u>see</u> JFPO, <u>Gould Elec. v. Livingston Cty. Rd. Comm'n</u>, No. 09-12633 (E.D. Mich. May 25, 2012), at 2-14 (Dkt. 147). Therefore, the allegations in Gould's second amended complaint suggesting possible contamination by substances other than TCE fail to comply with the June 27 Opinion.

Next, LCRC contends that by alleging LCRC's liability for "response costs," Count II of Gould's second amended complaint not only asserts an NREPA contribution claim under Mich. Comp. Laws § 324.20129 but also adds an NREPA cost recovery claim under Mich. Comp. Laws § 324.20126a. Def. Mot. to Compel Compliance at 8 (quoting 2d Am. Compl. ¶ 44). The June 27 Opinion made clear that because Gould asserted only an NREPA contribution claim and not a cost recovery claim in the Prior Action, Gould is likewise limited to stating an NREPA contribution claim in the current proceedings. 6/27/19 Op. at 5, 7. Gould concedes that Count II of its complaint "asserts a[n] NREPA contribution claim, expressly alleging that [LCRC] is liable under Mich. Comp. Laws § 324.20129." Pl. Resp. at 6 (Dkt. 65). However, to the extent that Gould's second amended complaint purports to state an NREPA cost recovery claim under Mich. Comp. Laws § 324.20126a, this pleading fails to comply with the June 27 Opinion.

Given that both parties have filed pleadings that fail to comply with the Court's June 27 Opinion, they are to file amended pleadings consistent with this Opinion and Order and with the

4

June 27 Opinion. Specifically, LCRC is ordered to file an amended answer limiting its affirmative defenses to those set forth in the JFPO. Gould is ordered to file an amended complaint (1) eliminating allegations suggesting possible contamination by substances other than TCE and (2) expressly limiting Count II to an NREPA contribution claim under Mich. Comp. Laws § 324.20129. Any allegations in the parties' pleadings that fail to conform to the Court's directives will be deemed inoperative, and further noncompliance will result in sanctions, including the award of reasonable attorney fees incurred by a party forced to compel the opposing party's compliance.

### B. Motion to Compel Discovery Answers

Finally, in its motion to compel discovery answers, LCRC argues that Gould failed to respond to interrogatories or produce documents regarding the timeframe prior to July 6, 2009. Many of LCRC's discovery requests concern information predating July 6, 2009. For example, LCRC's interrogatories include the following inquiries: (1) whether Gould used TCE on its property; (2) from whom Gould purchased TCE; and (3) how much TCE Gould used on a weekly basis from 1961 through 1976. Pl. Resp. to Def. Disc. Reqs. at 5-7, Ex. B to Def. Mot. to Compel Disc. (Dkt. 67-3). Gould responded that because its predecessor ceased operations on the property in 1976, the requests exceeded the scope of discovery – limited under the Tolling Agreement to data generated after July 6, 2009. Id. To the extent that the requests sought information generated after July 6, 2009, Gould responded that it produced its consultant's project files. Id. at 18-19.

The Tolling Agreement provides that in the event a new case is filed, "[t]he New Case shall proceed to trial on an expedited basis, with any new discovery limited to data gathered regarding the soil and groundwater contamination at issue and related analyses conducted thereon after July 6, 2009." Tolling Agreement, Ex. C to Def. Mot. to Compel Disc. (Dkt. 67-4). The Tolling

Agreement also provides that "discovery . . . in the [Prior Action] shall be preserved as applicable and binding" in any future litigation. Id. These provisions clearly limit the scope of discovery in a newly filed action to any data and related analyses generated after July 6, 2009. As explained in the June 27 Opinion, the current proceedings were "never conceived as an entirely new opportunity to litigate, as if the Prior Action had never been filed;" instead "the parties were to pick up where they left off should the settlement effort fail." 6/27/19 Op. at 6. Accordingly, Gould is not entitled to repeat the discovery that was completed in the Prior Action.

### III. CONCLUSION

For the reasons provided, Gould's motion to compel LCRC's compliance with the June 27 Opinion (Dkt. 60) is granted; LCRC's motion to compel Gould's compliance with the June 27 Opinion (Dkt. 62) is granted; and LCRC's motion to compel answers to discovery (Dkt. 67) is denied. Gould must file a third amended complaint in conformity with this Opinion and Order on or before October 11, 2019. LCRC must file an amended answer in conformity with this Opinion seven days after service of the amended complaint.

SO ORDERED.

Dated: September 27, 2019                   s/Mark A. Goldsmith
       Detroit, Michigan                    MARK A. GOLDSMITH
                                                   United States District Judge