UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOULD ELECTRONICS, INC.
an Arizona corporation,
        Plaintiff,

v

LIVINGSTON COUNTY
ROAD COMMISSION,
a Michigan Road Commission,
        Defendant.

-and-

LIVINGSTON COUNTY
ROAD COMMISION,
a Michigan Road Commission,
        Counter-Plaintiff,

v

GOULD ELECTRONICS, INC.,
an Arizona corporation,
        Counter-Defendant.

File No. 2:17-cv-11130

Hon. MARK A. GOLDSMITH

**LCRC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING NEW TESTING AND BRIEF IN SUPPORT**

---

Stephen P. Ormond (P28234)
Matthew W. Schlegel (P36963)
Attorneys for Plaintiff
CLARK HILL, PC
500 Woodward, Suite 3500
Detroit, MI 48226
(313) 965-8300
sormond@clarkhill.com
mschlegel@clarkhill.com

Paul E. Burns (P31596)
Attorney for Defendant
LAW OFFICES OF PAUL E. BURNS
133 West Grand River
Brighton, MI 48116
(810) 227-5000
burns@peblaw.net

i

| Ronald A. King (P45088)<br>Michael J. Pattwell (P72419)<br>Attorneys for Plaintiff<br>CLARK HILL PLC<br>Attorneys for Plaintiff<br>212 E. Cesar E. Chavez Ave.<br>Lansing, MI 48906<br>(517) 318-3100<br>rking@clarkhill.com<br>mpattwell@clarkhill.com | Jeffrey D. Alber (P76530)<br>Attorney for Defendant<br>LAW OFFICES OF<br>JEFFREY D. ALBER<br>PO Box 1971<br>Ann Arbor, MI 48106<br>(734) 823-5292<br>jeff@jalberlaw.com<br><br>Frederick Lucas (P29074)<br>Attorney for Defendant<br>LUCAS LAW, PC<br>7577 US Highway 12 Ste A<br>Onsted, MI 49265<br>(517) 467-4000<br>lucas@lucaslawpc.com |
|---|---|

**The undersigned counsel certifies that they communicated in written with opposing counsel explaining the nature of the relief to be sough by way of this motion and seeking concurrence in the relief, opposing counsel thereafter expressly denied concurrence.**

**LCRC'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY
REGARDING NEW TESTING
AND BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 26, Fed R. Civ. P. 37, and Fed. R. Evid. 403, Defendant/Counter-Plaintiff, LIVINGSON GOULD ROAD COMMISSION ("LCRC"), moves this court for an order excluding all potential evidence and testimony resulting from new tests performed by Plaintiff/Counter-Defendant, GOULD ELECTRONICS, INC. ("Gould") in November and December 2019.

1

**LOCAL RULE CERTIFICATION:** The undersigned counsel certifies that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). Counsel also certifies that the document is the appropriate length. Local Rule 7.1(d)(3).

**BRIEF IN SUPPORT OF**
**LCRC'S MOTION IN LIMINE**

**I.   FACTUAL BACKGROUND**

Originally filed in 2009[1], this matter was dismissed without prejudice by stipulation of the parties in July of 2012 to allow Defendant/Counter-Plaintiff, Livingston County Road Commission ("LCRC"), to seek a no further action determination from the Michigan Department of Environmental Quality pursuant to the terms of a Tolling Agreement. Plaintiff/Counter-Defendant, Gould Electronics, Inc. ("Gould") reinitiated the litigation by filing a "New Case" complaint on April 11, 2017,[2]

Gould served a Request to…Permit Entry and Inspection of Property on August 13, 2019. [**Exhibit A**] Gould's proposed tests included deploying 30-45 soil gas samplers. It was LCRC's understanding that results from the soil gas tests would then be used to determine where to place additional boreholes and wells. The proposed testing did not include a work schedule as would customarily accompany a work plan.

In the meantime, Gould provided LCRC with its updated expert report on September 3, 2019, which was the deadline set by the Court.

---

[1] E.D. Mich. Case No. 4:2009-cv-12633 ("Prior Action")
[2] Docket No. 1.

3

**LCRC** served its response and objections on September 13, 2019, [**Exhibit B**], prompting Gould to file a motion to compel.[3] LCRC filed a response arguing primarily that Gould's proposed tests were tardy and could not be completed and analyzed by experts before the March 3, 2020 trial.[4][5] LCRC's experts estimated that the proposed testing would take between 68 and 84 days, after which the parties would need up to 60 days to prepare expert reports.

A hearing on Gould's motion to compel was held on October 24, 2019, at which Gould indicated that its team was prepared to start work immediately and could have a report to LCRC in 30-days. On November 12, 2019, LCRC took the deposition of Thomas Cok, the project manager for the new tests, who indicated tests would not begin until the week of Thanksgiving and estimated that results would be ready in 84 days. [**Exhibit C**].

---

[3] Docket No. 75.
[4] Docket No. 78.
[5] During the course of this litigation, a prior action initiated by Gould[5] and even before the initiation of the Prior Action, the parties have collectively drilled hundreds of boreholes/wells in order to characterize the TCE plume and its source, with over 100 located on the LCRC Property. Most of the test borings and wells on the LCRC property were in areas alleged by Gould's expert in his 2011 report to be the source of the release. Now, over twenty (20) years after Gould began investigating TCE contamination on its property, nearly eleven (11) years after the Prior Action was filed, roughly two and a half (2 ½) years after the above captioned litigation was filed, and four (4) months before trial, Gould now began a new round of extensive scientific discovery.

4

On January 2, 2020, Gould provided summary tables of data prepared by Mannik Smith Group to LCRC indicating that the soil gas sampler, soil borings, and wells, were all installed between November 25 and 29, 2019. On January 8, 2020, Gould provided revised soil gas data as the original table had listed results as being measured in micrograms, when they were actually measured in nanograms (i.e. 1,000 times smaller than indicated by the original data). The revised table also shows that it is for an unrelated project at the "Riverside Park Phase III Redevelopment, 3801 W. Jefferson, Detroit, Michigan.

The data package provided by Gould is incomplete as it does not contain basic information that should be part of a data report. *See* **Exhibit D,** Affidavit of Constance Travers. Accordingly, the information provided by Gould thus far is inadequate for LCRC's experts to review and analyze. Gould has not provided a revised report from its expert analyzing and opining on the new data and has not indicated that one is forthcoming.

On January 9, 2020, LCRC received an email from Thomas Cok of Mannik Smith Group stating that another round of soil borings and monitoring well installations will take place between January 13 and 15, and monitoring well surveys will be done the week of the January 20th. [**Exhibit E**]

## II. LAW AND ARGUMENT

### A. Neither parties' expert witnesses have filed a supplemental report interpreting the raw data. Raw data without expert analysis has no probative value. As such, the data and testimony relative thereto should be excluded under Fed. R. Civ. P. 37 and Fed. R. Evid. 403.

Fed. R. Civ. P. 26(a)(2) governs expert reports, and states in relevant part as follows:

> Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them…

The court typically sets a deadline for filing of complete expert reports, which in this case was September 3, 2019 for Gould.[6] Fed. R. Civ. P. 26(a)(2)(D). Experts have a duty to keep their reports current through supplementation. Fed. R. Civ. P. 26(e)(2).

A party that fails to disclose or supplement under R. 26 cannot present any evidence not so disclosed or supplemented, unless there is "substantial justification" or the "failure is harmless." Fed. R. Civ. P. 37(c)(1). Under this rule, expert testimony must be excluded absent qualifying circumstances noted in the rule. *See*

---

[6] Case Management and Scheduling Order, Docket No. 40.

*Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782, (6th Cir. 2003) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.); *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996) ("[T]he sanction of exclusion is…automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless."); *Yeti By Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105 (9th Cir. 2001) (finding exclusion of an expert to be a proper remedy for failing to fulfill the required disclosure requirements of Rule 26(a)); . "The purpose of these rules is to encourage timely disclosure of expert witnesses and to curb dilatory litigation tactics." *Continental Lab. Prods., Inc. v. Medax Int'l, Inc.,* 195 F.R.D. 675, 676 (S.D. Cal. 2000); *citing* James Wm. Moore et al., Moore's Federal Practice § 37.60 (3d ed. 1999).

The party who has failed to comply with Rule 26(a) bears the burden of proving that its failure was justified or harmless. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782, (6th Cir. 2003)

Gould's counsel retained Stanley Feenstra to offer expert opinion regarding various aspects of the TCE contamination in this matter, and is the sole expert identified by Gould in this regard. Mr. Feenstra issued reports in 2011 and 2019. Mr. Feenstra has not provided a supplemented report incorporating data and analysis of

7

the new round of tests as required by Rule 26. As such, Feenstra should be precluded from testifying about the new testing or resulting data.

Gould's delay in this regard is neither justified nor harmless. LCRC's original position on this issue as stated in its response to Gould's motion to compel [**Exhibit B**] is unchanged: the new testing is simply too late and cannot reasonably be completed and fairly analyzed by the parties' experts prior to the March 3, 2020 trial date. Considering the lengthy history of the environmental investigation of the Gould Property, including this litigation spanning nearly eleven (11) years, Gould's sudden interest in conducting new tests and generating new evidence on the eve of trial smacks of a dilatory litigation tactic for which Rules 26 and 37 were adopted to prevent. Gould has been aware of TCE contamination on its site for nearly thirty (30) years. This litigation was initiated by Gould in 2009, dismissed in 2012, and refiled by Gould in February 2017. The historical investigation of the site has included hundreds of soil borings and nearly 100 wells on the Gould Property, LCRC Property, and other downgradient properties. Gould had every opportunity to conduct its investigation but chose to wait until August 13, 2019 to begin a new round of significant testing.[7]

Now, without providing LCRC with a complete report of its testing in

---

[7] Gould's expert reports were due September 3, 2019. Gould could not have completed its new round of testing for inclusion in its expert's report even if tests began on the day it served its discovery request.

November and December 2019, Gould plans to initiate another round of testing during the weeks of January 13 and January 20, 2020.[8] Given the estimated timelines provided by both parties in **Exhibit B** and **Exhibit C**, it is entirely likely that Gould would not be able to provide a full supplemental expert report incorporating the new testing before trial.[9] If they could, it would likely not be completed until late February, which would provide LCRC's experts no time prior to trial to conduct an independent review and prepare a supplemental report of their own. Expert depositions would be impossible. The reality of this scenario is fundamentally unfair; LCRC's experts would be scrambling to prepare new reports when it should be preparing for trial, at which time Gould would be focused solely on trial preparation. LCRC would essentially be sent on a fool's errand during crunch time.

Finally, the raw data and other evidence resulting from the new testing is devoid of any probative value absent expert testimony. As such, admission of this evidence would only serve to confuse the issues, cause undue delay, and waste the Court's time, and should be excluded per Fed. R. Evid. 403.

### III. CONCLUSION

Neither parties' expert witnesses have filed a supplemental report interpreting the raw data. Raw data without expert analyses has no probative value and will only

---

[8] The fact that Gould test results are rolling out in pieces and the data provided has been sloppily prepared indicates that the process is being rushed.

[9] Gould has given no indication that a supplemental expert report is forthcoming.

serve to confuse issue and waste time. As such, the data and testimony relative thereto should be excluded under Fed. R. Civ. P. 37 and Fed. R. Evid. 403.

**LOCAL RULE CERTIFICATION: I, Jeffrey D. Alber, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14-point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).**

Dated: January 9, 2020

BY: /s/ Frederick Lucas
FREDERICK LUCAS(P29074)
Lucas Law, PC
Attorney for LCRC
7577 US Highway 12, Suite A
Onsted, MI 49265
(517) 467-4000
lucas@lucaslawpc.com

Respectfully submitted,

BY: /s/ Paul E. Burns
PAUL E. BURNS (P31596)
Law Office of Paul E. Burns
Attorney for LCRC
133 West Grand River
Brighton, MI 48116
(810) 227-5000
burns@peblaw.net

BY: /s/ Jeffrey D. Alber
JEFFREY D. ALBER (P76530)
The Law Office of Jeffrey D. Alber
P.O. Box 1971
Ann Arbor, Michigan 48106
(734) 369-8870
jeff@jalberlaw.com