UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOULD ELECTRONICS, INC.,

    Plaintiff,

vs.

LIVINGSTON COUNTY ROAD
COMMISSION,

    Defendant.
_____/

Case No. 17-cv-11130
HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) GRANTING DEFENDANT'S MOTION IN LIMINE (Dkt. 112) AND (2) DENYING IN PART AND RESERVING RULING IN PART ON DEFENDANT'S MOTION TO ADJOURN TRIAL AND MODIFY SCHEDULING ORDER (Dkt. 125)**

This matter is before the Court on Defendant Livingston County Road Commission's ("LCRC") motion in limine seeking to exclude evidence acquired as a result of Plaintiff Gould Electronics, Inc.'s ("Gould") recent soil sampling and testing that began in November 2019 (Dkt. 112). Also before the Court is LCRC's motion to adjourn trial and modify the scheduling order (Dkt. 125). Both motions have been fully briefed. Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants LCRC's motion in limine and denies in part and reserves ruling in part on its motion to adjourn.

### I.     BACKGROUND

The factual background has been set forth in the Court's previous opinions and need not be repeated here. In brief summary, the present environmental contamination case revived an action Gould initially filed against LCRC on July 6, 2009. See Gould Electronics, Inc. v. Livingston Cty. Rd. Comm'n, No. 09-cv-12633 (E.D. Mich.). The case concerns the

1

"determination of responsibility for costs associated with the cleanup and remediation of trichloroethylene ('TCE') contamination on two adjacent parcels of real property and the surrounding area," located in Howell, Michigan. Gould Electronics, Inc. v. Livingston Cty. Rd. Comm'n, No. 09-cv-12633, 2012 WL 5817937, at *1 (E.D. Mich. May 25, 2012). One of the parcels is owned by LCRC (the "LCRC Property"), and Gould is indisputably responsible for liabilities arising from an adjoining parcel (the "Gould Property"). Id. Gould admits that it is partially responsible for the contamination of soil and groundwater, but alleges that LCRC shares responsibility for the contamination. Id. LCRC, however, contends that Gould is fully responsible. Id.

LCRC has filed a motion in limine seeking to prevent Gould from introducing at trial evidence acquired as a result of soil and groundwater testing performed by Gould on the LCRC Property from November 2019 through January 2020. Def. Mot. in Limine at 7-8. According to LCRC, this testing was unreasonably delayed, thereby preventing LCRC from performing meaningful review in advance of trial currently scheduled to begin on May 4, 2020. Id. LCRC renewed its concerns regarding the timing of the recent testing in a motion to modify the scheduling order and adjourn trial. Def. Mot. to Adjourn at 6 (Dkt. 125). In this motion, LCRC also contends that trial and the deadlines set forth in the scheduling order should be adjourned in light of the COVID-19 pandemic. Id. at 7.

## II. ANALYSIS

### A. The Testing

On August 13, 2019, Gould served a discovery request on LCRC seeking access to the LCRC Property for the purpose of performing a visual inspection and soil and groundwater testing. Pl. Disc. Request, Ex. A to Pl. Mot. to Compel (Dkt. 75-2). LCRC denied Gould's request on

2

September 13, 2019. Def. Resp. to Disc. Request, Ex. B to Pl. Mot. to Compel (Dkt. 75-3). On October 7, 2019, Gould filed a motion to compel LCRC's compliance, Pl. Mot. to Compel at 2 (Dkt. 75), which LCRC opposed on the ground that the testing and necessary expert analyses and reports could not reasonably be completed in advance of trial, then scheduled to begin on March 3, 2020. Def. Resp. to Mot. to Compel at 7-9 (Dkt. 78). During a hearing held on October 24, 2019, the Court granted Gould's motion but reserved ruling on "whether information learned from the inspection may be utilized by [Gould] in this case at trial or otherwise." 10/24/19 Order (Dkt. 85).

Although Gould represented during the hearing that the testing could begin immediately, it did not begin until November 25, 2019. 11/12/19 Thomas Cok Dep., Ex. C to Def. Mot. in Lim. at 14 (Dkt. 112-4). Additional soil borings and monitoring well surveys took place between January 15, 2020, and the week of January 20, 2020. 1/9/20 Cok E-Mail, Ex. E to Def. Mot. in Limine (Dkt. 112-6). In early January, Gould shared with LCRC preliminary data generated from the testing. Def. Mot. in Lim. at 5. However, LCRC's expert, Constance Travers, reported that the data was incomplete, thus preventing meaningful review. Travers Aff., Ex. D to Def. Mot. in Lim. ¶¶ 4-5 (Dkt. 112-5). Gould provided further data reports to LCRC on January 29, 2020. Def. Mot. to Adjourn at 4.

In spite of Gould's assurances during a final pretrial conference held on January 30, 2020, that data was being shared with LCRC as it became available and that an updated expert report would be forthcoming in the first week of February, no report was produced at that time. Following a status conference with the parties held on February 19, 2020, the Court entered an order requiring Gould to produce to LCRC by February 20, 2020, all data acquired as a result of the soil and groundwater testing. 2/19/20 Order (Dkt. 122). The Court also ordered Gould to send

to LCRC its updated expert report evaluating this data no later than February 24, 2020, id., a deadline later extended to February 28, 2020, 2/24/20 Order (Dkt. 124).

Gould met those production deadlines on February 20 and February 28, 2020. However, LCRC notified Gould on March 5, 2020, that Travers found the updated expert report to be incomplete, as the report cited data that was not provided to LCRC and omitted certain figures. 3/4/20 Travers Letter, Ex. C to Def. Mot. to Adjourn (Dkt. 125-4). On March 9, 2020, Gould provided LCRC a revised expert report that included the proper figures. See 3/9/20 Gould E-mail, Ex. D. to Def. Mot. to Adjourn (Dkt. 125-5). Gould also provided some of the allegedly missing data on March 10, 2020. See 3/10/20 Gould E-Mail, Ex. E to Def. Mot. to Adjourn (Dkt. 125-6). But LCRC maintains that notes and photographs generated during Gould's inspection of the LCRC Property and requested by Travers have not yet been disclosed. Def. Mot. to Adjourn at 6.[1]

**B. Motion in Limine**

In its motion in limine, LCRC seeks to prevent Gould from introducing at trial the evidence gathered as a result of the testing performed between November 2019 and January 2020. Def. Mot. in Lim. at 7-8. According to LCRC, this testing was simply conducted too late in the litigation cycle, effectively depriving LCRC of sufficient time to complete its own expert analysis of the results, prepare an updated expert report, conduct expert depositions, and perform its own testing, all in advance of the trial currently scheduled for May 4, 2020. Id.

---

[1] Gould contends that the additional data and information it provided after February 20, 2020, was not material to its updated expert report and that LCRC had been in possession of all the underlying data forming the basis of the updated report for weeks prior to its submission. Pl. Resp. to Mot. to Adjourn at 5 (Dkt. 128). This contention is undercut by Travers's assertion that this information and data, including the visual inspection notes and photographs, were necessary to "allow the complete analysis of the data Gould collected on the LCRC property in November 2019 through January 2020." 3/4/20 Travers Letter.

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of any expert witness it intends to use at trial. Unless otherwise stipulated, this disclosure must be accompanied by an expert report if the witness has been retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other information, "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them[.]" Id.

Parties have a continuing obligation to supplement expert reports, with any additions or changes to this information to be made no later than the date pretrial disclosures under Rule 26(a)(3) are due. Fed. R. Civ. P. 26(e)(2). A party that fails to meet its obligations under Rule 26 cannot present any evidence not disclosed or supplemented, unless the failure was "substantially justified" or harmless. Fed. R. Civ. P. 37(c)(1). "The purpose of these rules is to encourage timely disclosure of expert witnesses and to curb dilatory litigation tactics." Continental Laboratory Prods., Inc. v. Medax Int'l, Inc., 195 F.R.D. 675, 676 (S.D. Cal. 2000) (citing 7 James Wm. Moore et al., Moore's Federal Practice § 37.60[1] (3d ed. 1999)).

In the present case, Gould's deadline for providing its expert witness disclosures and reports was September 3, 2019. Case Management Order at 1 (Dkt. 40). The parties' pretrial disclosures are to be incorporated in their joint final pretrial order. Case Management Order at 8-9. The parties submitted an initial joint final pretrial order on January 23, 2020, but a revised joint final pretrial order is due on April 2, 2020. 2/19/20 Order (Dkt. 122). Gould may be able to supplement its expert report by the time the revised joint final pretrial order is due. However, LCRC would not be afforded an adequate opportunity to supplement its own expert report within this timeframe.

Gould completed it production of data acquired from the recent testing on February 20, 2020 (and perhaps as late as March 10, 2020), and produced a final version of its updated expert report on March 9, 2020. Together, this information totals nearly 500 pages. Def. Mot. to Adjourn at 6. LCRC's own supplemental expert report would be due on April 2, 2020. This is simply insufficient time for LCRC's expert to meaningfully review Gould's updated expert report and underlying data, as well as prepare her own updated report. Further, as argued by LCRC, this timeframe would not permit LCRC to perform its own testing should it become necessary. See id. Thus, LCRC would be deprived of a meaningful opportunity to fully test the data upon which its liability may hinge. Further, LCRC's trial preparations, including its preparations for expert depositions, completion of a revised joint final pretrial order, and completion of trial briefing, are delayed until such time as it is able to finalize its expert's supplemental report. Under such circumstances, admitting the results of Gould's eleventh-hour testing would result in significant prejudice to LCRC.

Nor has Gould provided a viable justification for delaying its recent testing. The parties have been aware of the TCE contamination for approximately thirty years, over which time hundreds of soil samples have been collected and nearly 100 monitoring wells have been installed. Def. Mot. in Lim. at 8. Litigation over the contamination has been ongoing for over a decade. Yet, Gould waited until August 13, 2019, less than one month before its expert report was due and two months before discovery was to close, to begin yet another round of testing necessitating complex expert analyses.

Even after the Court granted Gould's motion to compel seeking access to the LCRC Property on October 24, 2019, Gould did not begin the testing until one month later, on November 25, 2019. This testing continued through the week of January 20, 2020, less than three months

before trial was originally scheduled to begin on March 3, 2020. Further, Gould has been dilatory in sharing the data generated from the testing with LCRC absent Court supervision. Specifically, Gould shared preliminary data with LCRC in early January only after a conference call with the Court on January 2, 2020. And although Gould represented during a joint final pretrial conference that it would produce an updated expert report to LCRC in the first week of February, it failed to do so at that time. Rather, the Court entered an order requiring Gould to produce the data generated from the testing by February 20, 2020, 2/19/20 Order, and its updated expert report by February 28, 2020, 2/24/20 Order. The updated expert report, however, contained technical errors necessitating Gould to provide LCRC an updated report on March 9, 2020. Pl. Resp. to Def. Mot. to Adjourn at 5. And according to LCRC, Gould still has not provided the notes and photographs generated as a result of the visual inspection of the LCRC Property. Def. Mot. to Adjourn at 6.

Gould attempts to justify its delays in performing the recent testing on two grounds. First, it contends that its recent testing and investigation was necessitated by LCRC's own failure to investigate the LCRC Property, as required under Michigan's Natural Resources and Environmental Protection Act and as requested by the State of Michigan over the course of many years. Pl. Resp. to Def. Mot. in Lim. at 3-4, 8 (Dkt. 115). This argument misses the mark. LCRC's remediation obligations have no bearing on Gould's own obligations to conduct discovery in a timely manner and to adduce evidence in support of its claims.

Second, Gould contends that LCRC is at fault for causing a two-month delay in the testing by unreasonably opposing Gould's request for access to the LCRC Property. Id. at 8. But LCRC opposed the testing on the ground that it was belated and would not permit LCRC an opportunity to conduct its own testing or perform adequate expert analysis. Def. Resp. to Mot. to Compel at 7 (Dkt. 78). As discussed above, this argument is not without merit. Further, the Case Management

Order provides that "[d]iscovery must be served sufficiently in advance of the deadline so as to allow the opposing party sufficient time to respond under the Federal Rules of Civil Procedure prior to the discovery cutoff." Case Management Order at 2. Thus, Gould was obligated to serve its discovery request sufficiently in advance of the discovery cutoff to permit LCRC an opportunity to respond or object. Gould served its discovery request in August 2019 with the knowledge that it had limited time remaining in the discovery period. Accordingly, LCRC cannot be held accountable for the delays in testing.

Because Gould's delay in performing the recent soil and groundwater testing is neither harmless nor substantially justified, this evidence must be excluded under Federal Rule of Civil Procedure 37(c)(1).

### C. Motion to Adjourn

LCRC's motion to adjourn is heavily premised on its need for additional time to prepare for trial and to develop its own updated expert report in light of the new testing data. However, because the Court has ruled that the evidence relating to the soil and groundwater testing performed in November 2019 through January 2020 must be excluded, this argument is moot.

LCRC also seeks to adjourn trial in light of the COVID-19 pandemic and Governor Whitmer's executive order requiring all non-essential persons to stay home. Def. Mot. to Adjourn at 7-8; Supp. Br. at 3 (Dkt. 127). LCRC emphasizes the challenges of preparing for trial when counsel's offices are closed and with the parties' out-of-state experts unable to travel to Michigan. Def. Mot. to Adjourn at 7-8. Gould, in contrast, maintains that it is premature to delay trial and suggests that the Court evaluate the circumstances at a time closer to trial. Pl. Resp. to Mot. to Adjourn at 3. Gould further maintains that the other deadlines currently in place (e.g., for pretrial filings and exhibits) should not be adjourned. Id.

In accordance with Administrative Order AO-20-021, the Eastern District of Michigan has postponed all non-exigent matters scheduled for in-court appearances. However, given the uncertainty surrounding the course of the COVID-19 pandemic, the Court reserves ruling on adjourning the trial date, and will later address the issue in a separate order. However, the parties' pretrial preparations shall proceed as currently scheduled. The parties are able to conduct a majority of their pretrial preparations electronically, such as by conducting remote video depositions of experts. In this digital age, both parties can likely prepare for trial with minimal to no physical interaction. Accordingly, the Court denies in part and reserves ruling in part on LCRC's motion to adjourn trial.

### III. CONCLUSION

For the reasons provided, the Court grants LCRC's motion in limine (Dkt. 112), and denies in part and reserves ruling in part on its motion to adjourn (Dkt. 125).

SO ORDERED.

Dated: April 1, 2020                   s/Mark A. Goldsmith
   Detroit, Michigan             MARK A. GOLDSMITH
                                        United States District Judge